IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, As trustee for Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2005-7,<br><br>            Plaintiff,<br><br>     vs.<br><br>SIDNEY HIGA; SON YE HIGA,<br><br>            Defendants. | CIVIL NO. 15-00251 DKW-RLP<br><br>FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO REMAND |

FINDINGS AND RECOMMENDATION TO GRANT
PLAINTIFF'S MOTION TO REMAND[1]

Before the Court is Plaintiff's Motion to Remand, filed July 31, 2015 ("Motion"). ECF No. 6. Plaintiff asserts that removal was untimely and improper because Plaintiff's claims do not present a question of federal law. See id. Defendants filed an Opposition to Plaintiff's Motion on August 14, 2015. ECF No. 9. Plaintiff filed its Reply on September 3, 2015. ECF No. 10. The Court found this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation.  If no objections are filed, no appellate review will be allowed.

the United States District Court for the District of Hawaii. ECF No. 7. After carefully reviewing the submissions of the parties and the relevant legal authority, the Court FINDS that this case was not properly removed and RECOMMENDS that the district court GRANT Plaintiff's Motion.

BACKGROUND

Plaintiff brought this foreclosure action against Defendants in the Circuit Court for the First Circuit, State of Hawaii on March 27, 2014. See ECF No. 5-4 at 2. Defendants filed their answer on April 24, 2014, and subsequently filed two amended answers on October 14, 2014, and March 12, 2015. See ECF Nos. 5-4, 5-28, 5-43. Defendants later filed a counterclaim[2] against Plaintiff on June 19, 2015, alleging various state and federal causes of action. See ECF No. 5-51. Defendants then filed their Notice of Removal on July 2, 2015. ECF No. 1. Defendants' argument for removal in their Notice is unclear, but they assert in their Opposition that their counterclaim presents a federal question creating federal jurisdiction. See ECF Nos. 1, 9. Plaintiff argues that removal is untimely, that removal is improper because Plaintiff's complaint presents no federal question, and because Defendants' counterclaim cannot create

---

[2] Defendants characterize this pleading as a "cross claim." See ECF No. 1. However, because Defendants have alleged causes of action against Plaintiff and third parties, none of whom are Defendants' co-party, it is properly considered a counterclaim and third-party complaint. See Haw. R. Civ. P. 13, 14.

2

federal jurisdiction for the purpose of removal.  See ECF Nos. 6-1, 10.

## DISCUSSION

**1. Removal**

Removal of an action from state court to federal court is proper if the federal court would have had original jurisdiction over the action.  28 U.S.C. § 1441(a).  Under 28 U.S.C. Section 1447(c), a party may bring a motion to remand to challenge removal.  "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand."  Moore-Thomas v. Alaska Airlines, Inc., 552 F.3d 1241, 1244 (9th Cir. 2009); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").  The defendant who invokes the federal court's removal jurisdiction has the burden of establishing that removal was proper.  Washington v. Chimei Innolux Corp., 659 F.3d 842, 847 (9th Cir. 2011).

Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  The issue of whether federal question jurisdiction exists is governed by the "well-pleaded complaint rule."  See Caterpillar Inc. v. Williams, 482 U.S. 386 (1987).  The rule "provides that federal jurisdiction

exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id. at 392.

Defendants assert that their counterclaim against Plaintiff makes this action properly removable as of June 19, 2015, when they filed their counterclaim. See ECF No. 9 at 2. The Supreme Court has held that the "well-pleaded complaint doctrine" does not extend to counterclaims. See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002). The Supreme Court reasoned that allowing a counterclaim to serve as the basis for federal question jurisdiction would contravene longstanding precedent by leaving the choice of state or federal forum to the counterclaimant, radically expanding the class of removable cases, and "undermin[ing] the clarity and ease of administration of the well-pleaded-complaint doctrine." See id. The Ninth Circuit has also held that "removability cannot be created by defendant pleading a counter-claim presenting a federal question." See Takeda v. Northwestern Nat'l Life Ins. Co., 765 F.2d 815, 821 (9th Cir. 1985) (quoting Rath Packing Co. v. Becker, 530 F.2d 1295 (9th Cir. 1975)). Therefore, Defendants' argument that their counterclaim creates federal question jurisdiction fails because counterclaims cannot create federal question jurisdiction in the context of removal.

Defendants have presented no other basis for federal question jurisdiction besides their counterclaim. See ECF Nos.

1, 9.  Because Defendants' counterclaim cannot create federal question jurisdiction, the only way that this case could be removable is if a federal question was presented on the face of Plaintiff's complaint.  After reviewing Plaintiff's complaint, the Court finds that it does not state a federal claim because Plaintiff has brought this action under Hawaii state law.  See ECF No. 5-4.  Plaintiff's complaint does not create federal question jurisdiction because a federal question is not "presented on the face of the plaintiff's properly pleaded complaint."  See Caterpillar, 482 U.S. at 392.  To the extent that Defendants may be attempting to raise federal defenses to Plaintiff's complaint that were not raised in either of their amended answers, those federal defenses likewise cannot create federal question jurisdiction necessary for removal.  See id., 482 U.S. at 393 (holding that "a case may *not* be removed to federal court on the basis of a federal defense").  The Court need not address the timeliness of removal because there is no basis for removal in the first place.  The Court therefore finds that removal of this case was improper.

     **2. Fees**

     The Court finds that Plaintiff's request for attorney fees and costs should be denied.  When a court orders a case remanded to state court it may also award attorneys fees and costs, incurred as a result of the removal, to the party that

moved for remand.  28 U.S.C. § 1447(c).  Under 28 U.S.C. Section 1447(c) a court may "award costs and fees, but only when such an award is just."  See Martin v. Franklin Capital Corp., 546 U.S. 132, 138 (2005) (holding that "[a]bsent unusual circumstances, courts may award attorney fees and costs under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.").  Defendants contend that they are attempting to assert federal claims against Plaintiff in this foreclosure matter and that this case therefore belongs in a federal forum.  See ECF No. 9 at 4.  While Defendants' removal was misguided, given that Defendants are proceeding *pro se*, the Court finds that an award of fees and costs in this case would not be just.  See Olson v. Lui, No. CIV. 11-00396 ACK, 2011 WL 5330445, at *9 (D. Haw. Nov. 4, 2011) (holding that attorney fees were not appropriate where removing defendants were *pro se* litigants who "were making a good-faith attempt to exercise the 'right to remove as a general matter.'"); see also Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1065 (9th Cir. 2008) ("removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted.").  The Court therefore finds that Plaintiff's request for attorney fees and costs should be denied.

CONCLUSION

The Court FINDS that Defendants improperly removed this action and RECOMMENDS that the district court GRANT Plaintiff's Motion to Remand this action to the First Circuit, State of Hawaii and DENY Plaintiff's request for attorney fees and costs.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, SEPTEMBER 9, 2015.



Richard L. Puglisi
United States Magistrate Judge


**U.S. BANK NATIONAL ASSOCIATION V. SIDNEY HIGA; CIVIL NO. 15-00251 DKW-RLP; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO REMAND**