IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, As trustee for Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2005-7,<br><br>            Plaintiff,<br><br>    vs.<br><br>SIDNEY HIGA; SON YE HIGA,<br><br>            Defendants. | CIVIL NO. 15-00251 DKW-RLP<br><br>**ORDER AFFIRMING THE SEPTEMBER 9, 2015 FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO REMAND** |

**ORDER AFFIRMING THE SEPTEMBER 9, 2015 FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO REMAND**

On September 9, 2015, the Magistrate Judge issued his Findings and Recommendation ("F&R"), granting Plaintiff U.S. Bank National Association's Motion to Remand. Dkt. No. 11. Before the Court is Defendants Sidney Higa and Son Ye Higa's objections to the Magistrate Judge's F&R. Dkt. No. 12. Based upon a de novo review, the Court AFFIRMS the September 9, 2015 F&R and GRANTS U.S. Bank's Motion to Remand (Dkt. No. 6) for the reasons set forth below.

## BACKGROUND

On March 27, 2014, U.S. Bank brought a foreclosure action against the Higas in the Circuit Court for the First Circuit, State of Hawai'i. Dkt. No. 5-4 at 2. The Higas filed their answer on April 24, 2014, and subsequently filed two amended answers on October 16, 2014, and March 12, 2015. Dkt. Nos. 5-10, 5-28, 5-43.

On June 19, 2015, the Higas filed a pleading entitled, "Cross Complaint For Damages and Equitable Relief" against U.S. Bank and third parties alleging various state and federal causes of action. *See* Dkt. No. 5-51. The Higas then filed their Notice of Removal on July 2, 2015, claiming that "[t]his Removal is part of a Related Civil Case filed concurrently which seeks to test the Constitutionality of the current Hawaii statutory scheme governing foreclosure proceedings which as presently constituted, is not consistent with due process and equal protection under the U.S. Constitution's 5th and 14th amendment." Dkt. No. 1 at 2. U.S. Bank filed a motion to remand, arguing that removal was "improper, untimely and not permitted by any statute, rule or other law[.]" Dkt. No. 6 at 3. U.S. Bank also argued that this Court lacks subject matter jurisdiction over the dispute. Dkt. No. 6 at 3; Dkt. No. 6-1 at 5-7.

On September 9, 2015, the Magistrate Judge entered his written F&R, in which he re-characterized the Higas' pleading as a "counterclaim and third-party

complaint" because the Higas "have alleged causes of action against [U.S. Bank] and third parties, none of whom are [the Higas'] co-party[.]"  Dkt. No. 11 at 2 n.2.  The Magistrate Judge found that removal was improper because (1) U.S. Bank's Complaint did not present a federal question on its face, and (2) the Higas' counterclaim could not manufacture federal question jurisdiction.  Dkt. No. 11 at 4-5.  Accordingly, the Magistrate Judge recommended that U.S. Bank's Motion to Remand be granted.  Dkt. No. 11 at 7.

On September 23, 2015, the Higas filed their objections to the Magistrate Judge's F&R.  Dkt. No. 12.  On October 5, 2015, U.S. Bank filed a response to the objections.  Dkt. No. 13.

## STANDARD OF REVIEW

A motion to remand is a case-dispositive motion, requiring the issuance of findings and recommendations if initially reviewed by a magistrate judge.  *See Flam v. Flam*, 788 F.3d 1043, 1047 (9th Cir. 2015); *Keown v. Tudor Ins. Co.*, 621 F.Supp.2d 1025, 1029 (D. Haw. 2008).   When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980); *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en

banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").

Under a de novo standard, this court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006); *United States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988). Although the district court need not hold a de novo hearing, it is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendations to which a party objects. *United States v. Remsing*, 874 F.2d 614, 618 (9th Cir. 1989).

## **DISCUSSION**

The Higas objections are difficult to decipher. They are largely incoherent, but they appear to center on the argument that "removal should be allowed and considered based on policy considerations and commonly applied judicial principals as a proper even if this court must take a hard pressed antipathetical position contrary to the existing statutory formulas governing removal." Dkt. No. 12 at 2. As set forth below, the Higas' objections lack merit. This Court is bound by clearly established precedent upholding the "well-pleaded complaint rule," which states that federal question jurisdiction only arises when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *See, e.g.*,

*Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Conversely, a defendant's counterclaim cannot create federal question jurisdiction. *See, e.g.*, *Holmes Group., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002). Because U.S Bank's Complaint is based upon state law, and does not allege any federal causes of action, this Court lacks subject matter jurisdiction over this matter.

Removal of an action from state court to federal court is proper if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1447(c), a party may bring a motion to remand challenging removal. The Ninth Circuit Court of Appeals has consistently required that the court "strictly construe the removal statute against removal jurisdiction[,]" and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).[1] The defendant who invokes the federal court's removal jurisdiction has the burden of establishing that removal was proper. *Washington v. Chimei Innolux*

---

[1] The Higas assert that the Ninth Circuit's decision in *Jordan v. Nationstar Mortgage LLC*, 781 F.3d 1178 (9th Cir. 2015), marked a "significant Ninth Circuit shift" and "arguably . . . opens the door for more lenient and less technical applications of removal requirements." Dkt. No. 12 at 9. In *Jordan*, the Ninth Circuit held that "a defendant may remove a case from state court within thirty days of ascertaining that the action is removable under [the Class Action Fairness Act (CAFA)], even if an earlier pleading, document, motion, order, or other paper revealed an alternative basis for federal jurisdiction." *Jordan*, 781 F.3d at 1180. In so holding, the Ninth Circuit created an exception to the strict construction of removal statutes based on the United States Supreme Court's decision in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014), in which "the Supreme Court left no doubt 'that no antiremoval presumption attends cases involving CAFA.'" *Id.* at 1183 (quoting *Dart Cherokee*, 135 S. Ct. at 554)). This case does not involve CAFA, nor does it involve the timeliness of removal. *Jordan* is therefore inapplicable.

*Corp.*, 659 F.3d 842, 847 (9th Cir. 2011). In the instant case, the Higas rely on federal question jurisdiction under 28 U.S.C. § 1331 as the basis for removal. *See* Dkt. No. 12 at 4.

Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The issue of whether federal question jurisdiction exists is governed by the "well-pleaded complaint rule." *See Caterpillar Inc.*, 482 U.S. at 392. The rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id*.

As a threshold matter, the Court first addresses the Higas' objection that the Magistrate Judge incorrectly characterized their pleading against U.S Bank and third parties as a counterclaim and third-party complaint pursuant to Hawai'i Rules of Civil Procedure 13 and 14. Dkt. No. 12 at 6. The Court concludes that this objection is without merit. The Magistrate Judge correctly observed that "because [the Higas] have alleged causes of action against [U.S Bank] and third parties, none of whom are [the Higas'] co-party, it is properly considered a counterclaim and third party complaint." Dkt. No. 11 at 2 n.2. Contrary to the Higas' assertion, the pleading at issue [Dkt. No. 5-51] is not a "cross complaint."

The Court next addresses the Higas' contention that their claims against U.S Bank and third parties, which include federal causes of action, make this action

6

properly removable. The United States Supreme Court has made clear that federal jurisdiction cannot be predicated upon a counterclaim. *See Holmes Group*, 535 U.S. at 831 ("[W]e decline to transform the longstanding well-pleaded-complaint rule into the 'well-pleaded-complaint-*or-counterclaim* rule' urged by respondent."); *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (recognizing that "[w]ithout dissent, the Court held in *Holmes Group* that a federal counterclaim, even when compulsory, does not establish 'arising under' jurisdiction"). The Supreme Court reasoned in *Holmes Group* that allowing a counterclaim to serve as the basis for federal question jurisdiction would "leave acceptance or rejection of a state forum to the master of the counterclaim" rather than to the plaintiff, "radically expand the class of removable cases," and "undermine the clarity and ease of administration of the well-pleaded complaint doctrine[.]" *Holmes Group*, 535 U.S. at 832. Accordingly, the Higas cannot rely on the existence of federal questions cited in their counterclaim as a basis for this Court's jurisdiction.

To the extent the Higas premise their argument on an invitation to set aside or disregard United States Supreme Court precedent, this Court simply cannot do so. As the Supreme Court has expressly stated, "it is [the Supreme] Court's

prerogative alone to overrule one of its precedents." *State Oil Co. v. Khan*, 522 U.S. 3, 20 (1997).[2]

This Court is also bound by Ninth Circuit precedent similarly holding that "removability cannot be created by defendant pleading a counter-claim presenting a federal question." *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 821 (9th Cir. 1985). Contrary to the Higas' contention, the Ninth Circuit did address in *Takeda* the issue of whether a federal question raised in a counterclaim presents an independent basis for federal jurisdiction and removal. *See Takeda*, 765 F.2d at 821-22. The Ninth Circuit held that "[t]he federal question defendants raise in their counterclaims does *not* provide a basis for removal." *Id.* at 822 (emphasis added).[3]

Finally, the Higas' reliance on Fed.R.Civ.P. 5.1, relating to challenging the constitutionality of statutes, is wholly misplaced. The Higas appear to contend that Fed.R.Civ.P. 5.1 provides a basis for removal. *See* Dkt. No. 12 at 8. This is incorrect. Rule 5.1 governs the *process* for challenging the constitutionality of

---

[2] As such, the out-of-state district court cases that the Higas ask this Court to consider are not only inapposite, but are also of no precedential value. *See* Dkt. No. 12 at 7.

[3] The Higas point out that in *Takeda*, the Ninth Circuit alluded to "exceptions" to the removal criteria. Dkt. No. 12 at 4. The court stated that "when removal is proper at the outset, federal jurisdiction is not defeated by later changes or developments in the suit." *Takeda*, 765 F.2d at 819. The court recognized, however, "an exception to this rule when an indispensable party would destroy diversity." *Id.* No such indispensable party issue is present here, rendering the exception referenced in *Takeda* inapplicable.

state or federal statutes -- it does not confer subject matter jurisdiction.  Similarly, the Higas' reliance on Fed.R.Civ.P. 42, relating to consolidating actions and holding separate trials, is also misplaced because Rule 42 does not confer subject matter jurisdiction.

In sum, the Higas have failed to demonstrate that this action "arises under" federal law for purposes of conferring subject matter jurisdiction under 28 U.S.C. § 1331.  Therefore, without a basis for subject matter jurisdiction, the Higas improperly removed this case under 28 U.S.C. § 1441(a).

## **CONCLUSION**

The Court hereby AFFIRMS the September 9, 2015 F&R (Dkt. No. 11) and GRANTS U.S. Bank's Motion to Remand (Dkt. No. 6).

IT IS SO ORDERED.

DATED:  October 28, 2015 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

U.S. Bank National Association v. Higas; CV 15-00251 DKW-RLP; ORDER AFFIRMING THE SEPTEMBER 9, 2015 FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO REMAND